IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER EDWARD JEROME BIEROS, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| SUPERINTENDENT KENNETH KYLER | : | |
| (SCI at Huntingdon), | : | |
| AND | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF PHILADELPHIA, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | NO. 02-3822 |

<u>REPORT AND RECOMMENDATION</u>

CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

  Now pending before the Court is a Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. § 2254, by a prisoner currently incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania. For the reasons that follow, it is recommended that the Petition be denied and dismissed without prejudice.

I. PROCEDURAL HISTORY

  Following a jury trial presided over by the Honorable James A. Lineberger of the Philadelphia Court of Common Pleas, petitioner was convicted, on January 29, 2002, of attempted murder, aggravated assault and possession of an instrument of crime. Thereafter, Judge Lineberger sentenced him to a term of thirteen to twenty-five years imprisonment. Petitioner neither appealed his convictions nor filed

a petition under the Post-Conviction Relief Act, 42 Pa.C.S.A. § 9541, et seq. (1998).

On June 17, 2002, petitioner filed the instant Petition for Writ of Habeas Corpus, alleging that the trial judge should have recused himself and that he was subject to a speedy trial violation. In reply, respondents now argue that petitioner has failed to exhaust state court remedies. Having considered the opposing arguments raised, the Court now turns to a discussion of the petition.

II.  FAILURE TO EXHAUST STATE COURT REMEDIES

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). While exhaustion does not require state prisoners to "invoke extraordinary remedies," they must give the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). Consequently, the claims brought in federal court must be the

2

"substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983). In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise, they risk depriving the state courts of "the opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1983).

In the case at bar, petitioner has never filed either a direct appeal from his conviction or a petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, et seq. (1998). Hence, the claims remain unexhausted for purposes of federal habeas review.[1]

This finding, however, does not foreclose further federal action -- one avenue of relief remains. According to the PCRA, a prisoner has one year from the date a conviction becomes final to file a petition for post-conviction relief. 42 Pa.C.S.A. § 9545(b)(1). A conviction becomes final "at the conclusion of direct review, including discretionary review . . . or at the expiration of

---

1. Petitioner alleges, in his habeas petition, that he filed some pre-conviction motions to the Pennsylvania Superior Court and the Pennsylvania Supreme Court alleging claims identical to those raised in his federal petition, i.e., trial judge recusal and speedy trial violation. In his habeas action, however, petitioner seeks either immediate release or a new trial, thereby suggesting that he suffered prejudice at his first trial. Thus, he must first raise to the state courts the argument that his conviction was in violation of the United States Constitution due to the failure of the trial judge to recuse himself and/or the speedy trial violation. Any pre-conviction motions would not suffice to exhaust these issues. See Picard, 404 U.S. at 275-76 ("exhaustion" means exhaustion of the very issue which forms the basis for relief sought in the federal courts. "The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts.").

time for seeking the review." Id. at § 9545(b)(3). The petitioner, in this matter, was convicted on January 29, 2002. His conviction thereafter became final on February 28, 2002, when the thirty day period for appealing to the Pennsylvania Superior Court expired.[2] See Commonwealth v. Murray, 753 A.2d 201, 203 (Pa. 2000) (finding that conviction became final when time for seeking direct review expired). Under the PCRA, petitioner has one year from this latter date, that is until February 28, 2003, to seek collateral review of his unexhausted claims by way of a PCRA petition. Upon exhausting his claims in the state courts, he may then return to this Court to file a timely habeas corpus petition.

As petitioner has yet to fairly present any of his habeas claims to the state courts, we must dismiss the petition to assure that the state courts receive the first opportunity to address his claims. We re-emphasize, however, that because this dismissal is without prejudice, it does not preclude petitioner from returning to this Court again to seek review of his claims. Rather, it merely mandates that, before he does so, he ensure that he exhausts all of his habeas claims in the state courts.

Therefore, I make the following:

---

2. Pennsylvania Rule of Appellate Procedure 903 grants thirty days in which to file an appeal from the Superior Court.

RECOMMENDATION

AND NOW, this *18th* day of *December*, 2002, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED WITHOUT PREJUDICE. There is no probable cause to issue a certificate of appealability.

_____
CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE